UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 15-cr-40046-JPG-01 |
| ANITA L. ARGENTO, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Anita L. Argento's *pro se* motion for a reduction of her criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 211).

Argento pled guilty to several drug charges on October 14, 2015. The Court sentenced her on January 27, 2016, to serve 87 months in prison. In arriving at this sentence, the Court used the 2015 version of the United States Sentencing Guidelines Manual ("U.S.S.G."), which incorporated Amendment 794 dealing with offense level reductions for a mitigating role. The Court determined Argento was not entitled to a reduction for a mitigating role. Argento now asks the Court to apply Amendment 794 to lower her sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable

policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court cannot grant the reduction request. *See United States v. Taylor*, 778 F.3d 667, 762 (7th Cir. 2015).

The Court cannot grant the defendant's reduction request because she cannot satisfy the first criterion. She was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). The Sentencing Commission promulgated Amendment 794 to amend U.S.S.G. § 3B1.2 as of November 1, 2015, to clarify how the guideline should be applied. However, the defendant's January 27, 2016, sentence was calculated using a version of the guidelines that already incorporated Amendment 794, which the Court found did not apply to the defendant. Thus, her sentencing range has not "subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" by virtue of Amendment 794. 18 U.S.C. § 3582(c)(2).

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court cannot grant her reduction request. *See Taylor*, 778 F.3d at 762. The Court therefore **DENIES** her motion (Doc. 211).

**IT IS SO ORDERED.**
**DATED:   October 17, 2016**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**